UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| RODERICK COLE, Administrator of the Estate of Amos Cole, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO. 6:10-CV-0005-SLB ) |
| AGCO CORPORATION; HAMILTON TRACTOR & EQUIPMENT, INC., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Motion to Remand. (Doc. 2.) Plaintiff Roderick Cole, as Administrator of the Estate of Amos Cole, filed this action in the Circuit Court of Marion County, Alabama, alleging defendants proximately caused the death of Amos Cole. Defendant AGCO Corporation removed this action on January 4, 2010, on the ground that this court has subject-matter jurisdiction based on the complete diversity of the parties. (Doc. 1 at 1, 3.) Thereafter, plaintiff filed the instant Motion to Remand. (Doc. 2.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant Hamilton Tractor & Equipment, Inc., is due to be dismissed as fraudulently joined and plaintiff's Motion to Remand, (doc. 2), is due to be denied.

AGCO removed this case on the ground that the court had diversity jurisdiction because defendant Hamilton Tractor & Equipment, Inc., was fraudulently joined. (Doc. 1

at 3.) "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "Federal courts disregard the citizenship of fraudulently joined defendants when determining whether diversity jurisdiction exists." *Williams v. CNH America, LLC*, 542 F. Supp. 2d 1261, 1264 (M.D. Ala. 2008)(citations omitted). If Cole fraudulently joined the non-diverse defendant, Hamilton Tractor, the court has subject-matter jurisdiction over this action. If, however, Cole properly named Hamilton Tractor in its Complaint and Amended Complaint, the court is without subject-matter jurisdiction and this matter must be remanded to the Circuit Court of Marion County.

AGCO has the burden of proving fraudulent joinder by clear and convincing evidence.[1] *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)(citing *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962)).

> A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.

---

[1] "The function of any standard of proof is to 'instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication.'" *Colorado v. New Mexico*, 467 U.S. 310, 315 (1984)(quoting *In re Winship*, 397 U.S. 358, 370 (1970) (Harlan, J., concurring)). The "clear and convincing evidence" standard requires defendant, as the party with the burden of proof, to "place in the ultimate factfinder an abiding conviction that the truth of its factual contentions are '***highly probable***.'" *Id*. at 316 (citation omitted; emphasis added).

*Id*. (citing *Crowe v. Coleman*, 113 F.3d at 1538), *cited in Florence v. Crescent Resources*, 484 F.3d 1293, 1297 (11th Cir. 2007)).

In his Complaint, Cole alleges:

### COUNT 1

1. On or about September 29, 2008, the Plaintiff's decedent, Amos Cole, was operating a Massey Ferguson Tractor at his residence . . . in Marion County, Alabama, when the tractor rolled over causing [the decedent] to suffer serious injuries resulting in his death.

2. At aforesaid time and place, and for sometime prior thereto, the defendants, . . . **AGCO CORPORATION**, [and] **HAMILTON TRACTOR & EQUIPMENT, INC.**, . . . were engaged in the business of designing manufacturing, selling and/or distributing tractors throughout the United States, including in the State of Alabama, for use by certain members of the general public.  Said defendants during said period of time and for valuable consideration designed manufactured, sold and/or distributed the tractor identified as a 1973 Massey Ferguson tractor, . . . Model 135, which caused the [decedent] to suffer serious injuries resulting in his death.

3. At said time and place, said tractor, which was in substantially the same condition as when manufactured, sold and/or distributed, was being used in a manner that was foreseeable.  The tractor was not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective and unreasonably dangerous to the human body when being so used. . . .

. . .

4. The defendants, . . . **AGCO CORPORATION**, [and] **HAMILTON TRACTOR & EQUIPMENT, INC.**, . . . negligently or wantonly designed, manufactured, sold and/or distributed the tractor involved in the occurrence made the basis of plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries.

5. The defendants, . . . **AGCO CORPORATION**, [and] **HAMILTON TRACTOR & EQUIPMENT, INC.**, . . . negligently or wantonly failed to warn plaintiff of the dangers associated with the use of the aforesaid tractor in

the absence of certain safety equipment being used for the purpose of eliminating the possibility of said tractor injuring [the decedent] . . . .

      6. The defendants, . . . **AGCO CORPORATION**, [and] **HAMILTON TRACTOR & EQUIPMENT, INC.**, . . . expressly and/or impliedly warranted that the tractor . . . was reasonably fit and suitable for the purposes for which it was intended to be used.  Plaintiff avers said defendants breached said express and/or implied warranties [because the] tractor was not reasonably fit and suitable for the purposes for which it was intended to be used . . . .

      7. Plaintiff alleges that Amos Cole's injuries were caused as a proximate consequence of the negligent, willful, and/or wanton conduct, breach of contract, breach of warranty, violation of the Alabama Extended Manufacturers and/or Strict Liability Doctrines, and other wrongful conduct of the defendants, . . . **AGCO CORPORATION**, [and] **HAMILTON TRACTOR & EQUIPMENT, INC.**, . . . .

      . . .

## COUNT II

      1. The Defendants, . . . **AGCO CORPORATION**, [and] **HAMILTON TRACTOR & EQUIPMENT, INC.**, . . . entered into an agreement or contract with plaintiff's decedent which called for said defendants . . . to provide a reasonably safe product which would be reasonably fit and suitable for the purposes for which it was intended to be used.  Said defendants breached this agreement due to the fact that the tractor was not reasonably fit and suitable for the purposes for which it was intended to be used . . . .

(Doc. 1, Ex. A [Complaint] at 3-5.)

Amos Cole purchased the tractor in 1976 from Hytower Lewis.  (Doc. 6, Ex. A at 5-6.)  According to plaintiff, Lewis had purchased the tractor from Hamilton Tractor Company a year earlier.  (*Id*. at 6.)

4

AGCO contends Hamilton Tractor is fraudulently joined because "Plaintiff has no possibility of maintaining any claims against Defendant Hamilton Tractor & Equipment, Inc." (Doc. 1 at 4.) It contends:

> Plaintiff alleges that Hamilton Tractor & Equipment, Inc. "designed, manufactured, sold and/or distributed" the subject tractor. [(Doc. 1, Ex. A, Complaint, Count I, ¶¶ 2, 4-6.)] Plaintiff also alleges that the defendants failed to warn the decedent of the dangers associated with the tractor and that they warranted that the tractor was reasonably fit and suitable for the purposes for which it was intended to be used. [(*Id*.)] However, Plaintiff admits that the decedent purchased the tractor from an individual named Hytower Lewis in 1976. [(Doc. 1, Ex. B at 5-6.)] Defendant Hamilton Tractor & Equipment, Inc., a local farm equipment merchant, did not come into existence until 1994, almost twenty years after the decedent purchased the tractor from Mr. Lewis. [(Doc. 1, Ex. C.)] Therefore, there is no possibility that Defendant Hamilton Tractor & Equipment, Inc. could have "designed, manufactured, sold and/or distributed" the tractor. Likewise, there is no possibility that Defendant Hamilton Tractor & Equipment, Inc. failed to warn the decedent of the dangers associated with the tractor or warranted that the tractor was reasonably fit and suitable for the purpose for which it was intended to be used as it did not come into existence until almost twenty years after the decedent purchased the tractor.
>
> Plaintiff alleges in Count Two of the Complaint that the defendants entered into an agreement or contract with the decedent that called for the defendants to provide a reasonably safe product which would be reasonably fit and suitable for the purposes for which it was intended to be used. Again, because Defendant Hamilton Tractor & Equipment, Inc. did not come into existence until almost twenty years after the decedent purchased the tractor, there is no possibility that it could have entered into the agreement/contract with the decedent as alleged in the Complaint.
>
> It is clear that there is no possibility that Plaintiff can hold Defendant Hamilton Tractor & Equipment, Inc. liable for the acts made the basis of his Complaint, directly or indirectly, under any theory.

(Doc. 1 at 4-5.)

In his Motion to Remand, Cole did not address AGCO's argument that Hamilton Tractor had been fraudulently joined because it was not in business until years after the decedent bought the tractor and, therefore, could not have designed, manufactured, sold or distributed the tractor at issue as Cole alleges.  However, in his Reply Brief, Cole raises a new claim; he contends:

> . . . Hamilton Tractor is an authorized Massey Ferguson dealer, in the business of selling, repairing, servicing, and/or distributing Massey Ferguson tractors, parts, and equipment.  The decedent, Amos Cole, would have had occasion to patronize Hamilton Tractor, service his tractor with said defendant, and afforded the non-diverse defendant an opportunity to have knowledge of the make, year, and model of the Massey Ferguson tractor.  Hamilton Tractor failed to warn the decedent of the dangers associated with the use of the tractor without certain safety equipment.

(Doc. 7 at 3-4.)  Nothing in the Complaint or the Amended Complaint alleges a claim against Hamilton Tractor based on a duty to warn arising from the service and/or repair of Amos Cole's tractor.  Moreover, the court can find no Alabama case allowing a cause of action based on a servicer's or repairer's failure to warn of a defect unrelated to its repairs.[2]  However, even if this court were to find that such a cause of action exists in Alabama, the Complaint contains not a single allegation that Amos Cole actually had his tractor serviced or repaired by Hamilton Tractor.

---

[2] The court notes that the Eighth Circuit "found no jurisdiction [had] expanded a repairer's duty to include the duty to warn of general dangers associated with a product unrelated to the specific repair work performed." *Menz v. New Holland North America, Inc.*, 440 F.3d 1002, 1004-05 (8th Cir. 2006)(holding that repairer of tractor was fraudulently joined to prevent removal; repairer had no duty to warn owner about the danger of rollovers).

Facts not set forth in Cole's Complaint or his Amended Complaint are irrelevant to the court's analysis of fraudulent joinder. *See Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1378 (S.D. Ala. 2009)("In order to escape fraudulent joinder, there must be a possibility that the state law might impose liability on a resident defendant ***under the circumstances alleged in the complaint***. Because the circumstances on which the plaintiffs . . . rely are not alleged in the complaint, they are irrelevant to the fraudulent joinder analysis.")(quoting *Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007)(emphasis in *Nelson*; internal quotations omitted).

The Complaint does not allege any wrongdoing by Hamilton Tractor after the date it was formed – 1994. All the wrongs set forth in the Complaint occurred at or before the time Amos Cole purchased the tractor in 1976. Therefore, the court finds that plaintiff cannot establish any possible claim against Hamilton Tractor based on his Complaint.

The court finds Hamilton Tractor is fraudulently joined in this action. All claims against Hamilton Tractor will be dismissed without prejudice.

Plaintiff also contends that this case is due to be remanded because AGCO's Notice of Removal was untimely filed. Plaintiff filed his Complaint in state court on June 19, 2009. (Doc. 1, Ex. A [Complaint].) The Complaint does not seek a specified sum as damages; rather, the Complaint "demands judgment . . . in a sum . . . which will fairly and adequately compensate the plaintiff for injuries and damages sustained," and "punitive damages . . . in an amount which adequately reflect[s] the wrongful act and which will effectively prevent

7

other similar wrongful acts . . . ." (*Id*. at 4.) AGCO was served on July 28, 2009. (*Id*., Ex. A [Return of Service].) On December 3, 2009, plaintiff sent defendant a settlement demand of $2,100,000. (*Id*., Ex. D.) The Notice of Removal was filed in this court on January 4, 2010. (Doc. 1 at 1.)

> Section 1446(b) provides:
>
> (b)  The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b). "Under either paragraph [of § 1446(b)], the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007)(citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002); *Huffman v. Saul Holdings, LP*, 194 F.3d 1072, 1078 (10th Cir. 1999). The Eleventh Circuit has noted:

> We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us – where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice – without seriously testing the limits of compliance with Rule 11. Unlike the typical plaintiff who originally brings a diversity action in federal court, the removing defendant generally will have no direct knowledge of the value of the plaintiff's claims.

8

> To the extent the defendant does obtain knowledge of the claims' value, it will generally come from the plaintiff herself in the form of information in an "other paper." This is so because a plaintiff who has chosen to file her case in state court will generally wish to remain beyond the reach of federal jurisdiction, and as a result, she will not assign a specific amount to the damages sought in her complaint. In such a case, like the case before us, the defendant would need an "other paper" to provide the grounds for removal under the second paragraph of § 1446(b). In the absence of such a document, the defendant's appraisal of the amount in controversy may be purely speculative and will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith.

*Id.* "[S]everal courts have interpreted *Lowery* to require remand in wrongful-death cases . . . where the removing defendant is unable to put a specific number on the damages or provide a document received from the plaintiff containing 'an unambiguous statement that clearly establishes federal jurisdiction.'" *Roe v. Michelin North America, Inc.*, 637 F. Supp. 2d 995, 998-99 (M.D. Ala. 2009)(quoting *Lowery*, 483 F.3d 1213 n.63 and citing *Thibodeaux v. Paccar, Inc.*, 592 F. Supp. 2d 1377, 1381 (M.D. Ala. 2009); *Siniard v. Ford Motor Co.*, 554 F. Supp. 2d 1276, 1278-79 (M.D. Ala. 2008); *Yates v. Medtronic, Inc.*, 2008 WL 4016599 (S.D. Ala. Aug. 26, 2008)).[3] Also, the *Lowery* court rejected evidence of verdicts received in similar cases and defendants' argument "that the nature of the claims . . . supports

---

[3]The court notes that the *Roe* court denied plaintiff's Motion to Remand based on the particular facts alleged in the Complaint. *Roe*, 637 F. Supp. 2d at 1001-02 and n.4 ("The court is not saying that all wrongful-death cases between diverse parties in Alabama will be removable. Courts must look to the wrong alleged, the harm, and the nature of the defendant in each case. The court is, however, saying that the law should not be that virtually no Alabama wrongful-death cases are removable.").

a conclusion that those claims exceed the required aggregate jurisdictional amount." *Lowery*, 483 F.3d at 1220-21.

The court finds that AGCO received "an unambiguous statement [from Cole] that clearly establishes federal jurisdiction," *see id.* at 1213 n.63, when it received the settlement demand on or about December 3, 2009. Its Notice of Removal was timely filed on January 4, 2010.[4] Therefore, Cole's Motion to Remand will be denied.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that all claims against defendant Hamilton Tractor and Equipment Co. are due to be dismissed and plaintiff's Motion to Remand is due to be denied. An Order dismissing Hamilton Tractor and denying plaintiff's Motion to Remand, (doc. 2), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 1st day of June, 2010.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4]Thirty days after receipt of the settlement demand was January 2, 2010, which was a Saturday. AGCO filed its Notice of Removal on Monday, January 4, 2010. *See* Fed. R. Civ. P. 6(a)(1)(C)("When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").